**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jasmyn R. Norris, | 2:25-cv-01821-RFB-MDC |
| Plaintiff, | **ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 1)** |
| vs. | |
| Ballagio LLC, | |
| Defendant. | |

Pro se plaintiff Jasmyn R. Norris filed an *Application to Proceed in Forma Pauperis* ("IFP"). *ECF No. 1*. The Court DENIES plaintiff's IFP application without prejudice, with leave to refile.

## I.    LEGAL STANDARD

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in

forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

## II.    PLAINTIFF'S IFP APPLICATION

Plaintiff filed the short form IFP application. *ECF No. 1*. Plaintiff did not sign the form under penalty of perjury. *Id*. Plaintiff answers the questions on the first page of the application, but she left the rest of the application blank. The IFP application is incomplete. The Court cannot determine if plaintiff

qualifies for IFP status. The Court will allow plaintiff another opportunity to show that she qualifies for IFP status. Plaintiff must resubmit the long form application. Plaintiff must answer all questions on the long form with detailed explanations about her income and expenses. Plaintiff cannot leave any questions blank or respond that a question is "N/A" without an explanation. Plaintiff must also sign the long form under penalty of perjury. Plaintiff may alternatively pay the filing fee.

**IT IS SO ORDERED THAT:**

1.  Plaintiff's *Application To Proceed In Forma Pauperis* (ECF No. 1) is DENIED without prejudice.

2.  By **November 26, 2025**, plaintiff shall either (1) file the long form application to proceed in forma pauperis as specified in the Court's order or (2) plaintiff must pay the full fee for filing a civil action.

3.  Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

DATED October 27, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

objections within the specified time and (2) failure to properly address and brief the objectionable issues

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch.*

*Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written

notification with the court of any change of address. The notification must include proof of service upon

each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel.

**Failure to comply with this rule may result in dismissal of the action.**